IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRITTANY WILLIAMS | ) |
|       Plaintiff, | ) |
| v. | ) Case No. |
| TOWN OF GRIFFITH, INDIANA and UNKNOWN OFFICERS OF THE TOWN OF GRIFFITH POLICE DEPARTMENT | ) Jury Trial Demanded |
|       Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff BRITTANY WILLIAMS, by and through his attorneys, THE COCHRAN FIRM CHICAGO, and complains against Defendants the TOWN OF GRIFFITH, INDIANA, a municipal corporation, and UNKNOWN OFFICERS OF THE TOWN OF GRIFFITH POLICE DEPARTMENT, as follows:

## PRELIMINARY STATEMENT

1. This is an action seeking redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. §1983. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendants' actions which subjected her to unlawfully excessive and unreasonable uses of force in violation of the Fourth Amendment to the United States Constitution.

## JURISDICTION and VENUE

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, 28 U.S.C. §1331 and §1343(a), the Constitution of the United States.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) and (2) because the unlawful acts of excessive force to which Plaintiff was subjected occurred inside this judicial district. Venue is further proper in this judicial district because Defendant the TOWN OF GRIFFITH, INDIANA and the UNKNOWN OFFICERS OF THE GRIFFITH POLICE DEPARTMENT transact business in this judicial district and/or committed the unlawful acts alleged herein within this judicial district.

## PARTIES

4. Plaintiff BRITTANY WILLIAMS is a citizen of the United States and the State of Indiana. At all times herein mentioned, BRITTANY WILLIAMS was residing in the Northern District of Indiana, Hammond Division.

5. Plaintiff BRITTANY WILLLIAMS brings this cause pursuant to 42 U.S.C. §1983.

6. Defendant TOWN OF GRIFFITH is and was, at all times mentioned herein, an Indiana municipal corporation organized and existing as such under the laws of the State of Indiana.

7. Defendant UNKNOWN OFFICERS OF THE TOWEN OF GRIFFITH POLICE DEPARTMENT are and were, at all times herein mentioned, citizens of the

United States who, upon information and belief, resided within the jurisdiction of this Court.  At all times herein mentioned, the UNKOWN OFFICERS OF THE GRIFFITH POLICE DEPARTMENT were acting under color of state law and within the scope of their employment for Defendant TOWN OF GRIFFITH.  The UNKOWN OFFICERS OF THE GRIFFITH POLICE DEPARTMENT are being sued in their individual capacities.

## FACTS COMMON TO ALL CLAIMS

### Brittany Williams Was Behaving Lawfully When Defendant Unknown Officers of the Griffith Police Department Subjected Her to Objectively Unreasonable Use of Force Without Justification

8. Plaintiff BRITTANY WILLIAMS is an African-American female and was 29 years of age at the time of the events alleged herein.

9. On December 3, 2019, Plaintiff BRITTANY WILLIAMS had just ended her shift working as a manager at a Popeye's restaurant in the Town of Griffith, Indiana.

10. On December 3, 2019, Plaintiff BRITTANY WILLIAMS was still wearing her work uniform and had committed no unlawful act when she was walking toward a Family Dollar Store.

11. At the time that Plaintiff BRITTANY WILLIAMS was walking toward the Family Dollar Store, BRITTANY WILLIAMS had committed no crime, was not in possession of any unlawful weapons or contraband, and was not wanted by law enforcement agency pursuant to a lawfully issued warrant.

12. Just as BRITTANY WILLIAMS was walking towards the Family Dollar Store, an UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT approached BRITTANY WILLIAMS, driving a marked police car and wearing a police uniform.  The UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT was a Caucasian male.  He was not wearing any form of name plate or tag that identified his first or last name or his rank within the police department.

13. At no time on December 3, 2019, did the UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT observe BRITTANY WILLIAMS commit an unlawful act, giving him probable cause to arrest her.

14. At no time on December 3, 2019, did the UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT have reasonable suspicion to believe that BRITTANY WILLIAMS had committed an unlawful act, justifying the need to detain her and further investigate whether she had committed a criminal act.

15. Despite lacking probable cause or reasonable suspicion to believe that BRITTANY WILLIAMS had engaged in unlawful conduct, the UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT, approached BRITTANY WILLIAMS in his squad car, flashed a spotlight on her, and addressed her in a loud and threatening tone of voice, commanding BRITTANY WILLIAMS to identify herself.

16. The UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT then stepped outside of his squad car, yelling, in a loud and aggressive tone of voice **"why are your hands in your pockets!"**

17. The UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT then grabbed BRITTANY WILLIAMS and forcefully pushed her against the squad car.

18. While being forcefully pressed against the squad car by the first UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT a second UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT arrived.  The second officer also was driving a marked Town of Griffith Police Department squad car and was dressed in a police uniform, but had no name tag or insignia identifying his name or rank.  The second officer also was a Caucasian male.

19. Upon his arrival, the second UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT grabbed BRITTANY WILLIAMS, pulled her away from the squad car and performed a technique that was a combination throw/tackle movement, causing the body of BRITTANY WILLIAMS to be violently taken down to the ground.

20. As BRITTANY WILLIAMS lay face down on the ground, the second officer pinned down her legs using his own leg. As BRITTANY WILLIAMS screamed out in pain **"you're hurting my leg,"** the second UNKNOWN DEFENDANT

5

OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT said **"you made me -- you're going to jail."**

21. The Second Unknown Defendant Officer then violently placed his knee in the section of her upper back, close to, but below her neck, forcefully pinning her face-down on the ground.

22. At no time immediately prior to the second officer's use of force did BRITTANY WILLIAMS commit a crime, threaten anyone with physical force or brandish a weapon.

23. As this event transpired, the first UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT made no attempt to intervene or stop the second officer from deploying such an unreasonable and excessive use of force.

24. Plaintiff BRITTANY WILLIAMS then was detained for approximately ten (10) minutes before she was abruptly released by the UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT without explanation.

25. At no time on or after December 3, 2019, did any officer of the TOWN OF GRIFFTH POLICE DEPARTMENT ever explain why BRITTANY WILLIAMS was detained or ever apologize for the action.

26. At no time on or after December 3, 2019, did any officer of the TOWN OF GRIFFTH POLICE DEPARTMENT ever explain why BRITTANY WILLIAMS was violently taken to the ground or ever apologize for the action.

6

27. At no time were criminal proceedings ever initiated against BRITTANY WILLIAMS for allegedly committing any criminal act in or around December 3, 2019.

28. Plaintiff BRITTANY WILLIAMS was later transported to the University of Chicago Hospital where she was treated for a fractured hip, which was proximately caused by the violent police encounter initiated by the Unknown Defendant Officers.

29. As a result of the incident described above, Plaintiff BRITTANY WILLIAMS has incurred approximately $100,000.00 in medical expenses, including but not limited to, physician treatment and prescription drug costs.

### COUNT I
### 42 U.S.C. § 1983 – Excessive Force

**Against the Second Unknown Defendant Officer of the Town of Griffith Police Department**

30. Each of the foregoing paragraphs are incorporated as if restated fully herein.

31. As described more fully above, the second UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GIRIFFITH POLICE DEPARTMENT who arrived on the scene shortly after BRITTANY WILLIAMS was unlawfully detained by the first unknown officer, subjected Plaintiff BRITTANY WILLIAMS to excessive force in violation of her rights secured under the Fourth Amendment to the U.S. Constitution.

32. The willful and wanton use of excessive force described in this count was objectively unreasonable and was undertaken with malice, in addition to willful,

wanton and deliberate indifference to the constitutional rights of Plaintiff BRITTANY WILLIAMS.

33. As a direct and proximate cause of the willful and wanton use of excessive force used by the second UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT, Plaintiff BRITTANY WILLIAMS suffered pain and injuries, including physical injuries and emotional distress.

**WHEREFORE**, Plaintiff Brittany Williams demands judgment against the Second UNKNOWN DEFENDANT OFFICER OF THE TOWN OF GRIFFITH POLICE DEPARTMENT for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT II
## 42 U.S.C. § 1983 – Failure to Intervene

### Against the First Unknown Defendant Officer of the Town of Griffith Police Department

34. Each of the foregoing paragraphs are incorporated as if restated fully herein.

35. The UNKNOWN DEFENDANT OFFICERS OF THE TOWN OF GRIFFITH POLICE DEPARTMENT were purporting to act under color of law.

36. During the constitutional violations described above, the First Unknown Defendant Officer stood by without intervening to prevent the Second Unknown Defendant Officer from subjecting BRITTANY WILLIAMS to the brutal physical attack from the Second Defendant Officer.

37. During the constitutional violations described above, the First Unknown Defendant stood by without intervening to prevent the Second Unknown Defendant Officer from subjecting BRITTANY WILLIAMS to the violent physical.

38. As a result of this failure to intervene, Brittany Williams suffered pain and injury, as well as emotional distress.

39. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Brittany Williams's constitutional rights under the Fourth Amendment of the United States Constitution.

**WHEREFORE**, Plaintiff Brittany Williams demands judgment against the First Defendant UNKNOWN OFFICERS OF THE TOWN OF GRIFFITH POLICE DEPARTMENT for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT III
## 42 U.S.C. § 1983 – Unlawful Detention

**Against Both Defendant Unknown Officer of the Town of Griffith Police Department**

40. Each of the foregoing paragraphs are incorporated as if restated fully herein.

41. In the manner described above, Defendants seized and unlawfully detained Plaintiff BRITTANY WILLIAMS without probable cause or any lawful justification, in violation of the Fourth Amendment to the U.S. Constitution.

42. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff BRITTANY WILLIAMS's constitutional rights.

43. Plaintiff BRITTANY WILLIAMS' detention of approximately ten (10) minutes was due to the Defendants' unlawful use of force and/or failure to intervene in the prevention of unlawful use of force, in addition to the unlawfully stopping and detaining BRITTANY WILLIAMS without probable cause and/or reasonable suspicion that she had committed a crime.

44. As a result of this misconduct, Plaintiff BRITTANY WILLIAMS was injured, including a loss of liberty, physical and emotional damages, legal fees, trauma, mental distress and emotional damages.

**WHEREFORE**, Plaintiff Brittany Williams demands judgment against the First Defendant UNKNOWN OFFICERS OF THE TOWN OF GRIFFITH POLICE DEPARTMENT for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT IV
### State Law Claim – Indemnification Under §34-13-4-1

### Against Defendant Town of Griffith

45. Each of the foregoing paragraphs are incorporated as if restated fully herein.

46. Indiana law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. §34-13-4-1.

47. Defendant UNKNOWN OFFICERS OF THE TOWN OF GRIFFTH POLICE DEPARTMENT are, or were, employees of the Town of Griffith Police Department who acted within the scope of their employment in committing the misconduct described above.

48. Defendant TOWN OF GRIFFITH is obligated to pay any judgment for compensatory damages entered against individual defendants, Defendant UNKNOWN OFFICERS OF THE TOWN OF GRIFFTH POLICE DEPARTMENT.

49. In the event that a judgment for compensatory damages is entered against individual defendants, Defendant UNKNOWN OFFICERS OF THE TOWN OF GRIFFTH POLICE DEPARTMENT, Defendant TOWN OF GRIFFITH must pay the judgment and may pay the associated attorneys' fees and costs.

## JURY DEMAND

Plaintiff BRITTANY WILLIAMS hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: December 3, 2020

                                  Respectfully submitted,

                                        /s/Devlin J. Schoop
                                  One of her Attorneys


Melvin L. Brooks
Devlin J. Schoop

11

**The Cochran Firm Chicago**
140 South Dearborn, Suite 1020
Chicago, IL 60603
Phone: (312) 262-2880
Facsimile: (312) 262-2881
mbrooks@cochranfirm.com
dschoop@cochranfirm.com